UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DEREK MORTLAND,               )       CASE NO.:
                                 )
         Plaintiff,        )       **CIVIL RIGHTS**
                                   )
    vs.                       )       **COMPLAINT FOR INJUNCTIVE**
                                   )       **RELIEF:**
STOW HOTEL ASSOCIATES LLC,  )
d/b/a HAMPTON INN STOW,     )       **1ST CAUSE OF ACTION:** For Denial of
                                   )       Access by a Public Accommodation in
      Defendant.       )       Violation of the Americans with Disability
                                   )       Act of 1990 ("Title III" and "ADA"),
                                   )       42 U.S.C. §§ 12181 *et seq.*
                                   )
                                   )       **2ND CAUSE OF ACTION:** For Denial of
                                   )       Access by a Public Accommodation in
                                   )       Violation of Ohio Revised Code 4112.02, *et*
                                   )       *seq.*
                                   )
                                   )       **3RD CAUSE OF ACTION:** For Denial of
                                   )       Access by a Public Accommodation in
                                   )       Violation of Ohio Administrative Code
                                   )       4101:1-11, *et seq.*

Plaintiff DEREK MORTLAND Complains of Defendant STOW HOTEL ASSOCIATES LLC doing business as HAMPTON INN STOW (hereinafter "HAMPTON"), and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff MORTLAND is a member of, for failure to remove architectural barriers structural in nature at Defendant's HAMPTON INN STOW, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. MORTLAND seeks injunctive relief pursuant to the Americans with

COMPLAINT FOR INJUNCTIVE RELIEF - 1

Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*; Ohio Revised Code § 4112.02, *et seq.*, and Ohio Administrative Code § 4101:1-11, *et seq.*

      2.      MORTLAND is a person with physical disabilities who, on or about April 4, 2019 through April 5, 2019, was an invitee, guest, patron, or customer at Defendant's HAMPTON INN STOW, in the City of Stow, Ohio. At said time and place, Defendant failed to provide proper legal access to HAMPTON INN STOW, which is a public accommodation and/or public facility. The denial of access was in violation of federal legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

      3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to violations of Ohio Revised Code § 4112.02, et seq.; and Ohio Administrative Code § 4101:1-11, et sec.

      4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near Lakepointe Corporate Dr., in the City of Stow, County of Summit, State of Ohio and that MORTLAND's causes of action arose in this district.

**PARTIES:**

      5.      MORTLAND is a "physically handicapped person," a "physically disabled

COMPLAINT FOR INJUNCTIVE RELIEF - 2

person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) MORTLAND is a "person with physical disabilities," as defined by all applicable United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, et seq. and Ohio Administrative Code § 4101:1-11, et sec.

6.     Defendant STOW HOTEL ASSOCIATES LLC, doing business as HAMPTON INN STOW, an Ohio Limited Liability Company (hereinafter referred to as "Defendant") is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, and/or alter ego, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by HAMPTON INN STOW, a public accommodation, located at/near 4331 Lakepointe Corporate Dr., Stow, Ohio, and subject to the requirements of the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.     At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and/or alter ego of the lessee, lessor and their agent, and owns and operates the subject HAMPTON INN STOW as a public facility at/near 4331 Lakepointe Corporate Dr., Stow, Ohio. The business is open to the general public and conducts business therein and is therefore a public accommodation. MORTLAND does not know the relative responsibilities of the Defendant in the operation of the facilities herein complained of, and alleges a joint venture and common enterprise by any future named defendants.

COMPLAINT FOR INJUNCTIVE RELIEF - 3

8.   At all times relevant to this complaint, Defendant is the landlord/lessor, tenant/lessee and the owner and operator of the subject HAMPTON INN STOW, a public accommodation located at/near 4331 Lakepointe Corporate Dr., Stow, Ohio. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201        General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   MORTLAND does not know the true names of Defendant, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such Defendant. MORTLAND is informed and believes that the Defendant herein are public accommodations, and are the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other Defendant, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendant,

COMPLAINT FOR INJUNCTIVE RELIEF - 4

and is responsible in some manner for the acts and omissions of the other Defendant in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. MORTLAND may seek leave to amend when the true names, capacities, connections, and responsibilities of Defendant are ascertained.

10. MORTLAND is informed and believes that the named Defendant conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged with other now unknown defendants.

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. Defendant is the entity that owns, leases (or leases to), or operates HAMPTON INN STOW, a hotel, located at/near 4331 Lakepointe Corporate Dr., Stow, Ohio. HAMPTON INN STOW and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected HAMPTON INN STOW to handicapped access requirements.

12. MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable United States laws. MORTLAND is paralyzed as a result of a motorcycle accident and requires the use of a wheelchair for mobility and to travel in public.

13. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out HAMPTON INN STOW as being handicapped accessible and handicapped usable.

14. On or about April 4, 2019 through April 5, 2019, MORTLAND was an invitee and

guest at the subject hotel, arriving for purposes of obtaining lodging for the night.

15. Upon his arrival, during his patronizing of the public accommodations, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him the full and equal access to the property.

16. Therefore, at said time and place, MORTLAND, a person with a disability, encountered the following inaccessible elements of the subject HAMPTON INN STOW which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendant's violations, the following barriers to access were personally encountered by MORTLAND:

a. In the front entrance parking lot, the access aisle is not a minimum 8 feet wide in violation of 2010 ADAS Section: 502.2 Exception, 2009 ANSI A117.1 Section: 502.2 Exception and 1991 ADAS Section: 4.1.2(1).

b. In the front entrance parking lot, the parking signs at the front entrance are mounted too low in violation of 2010 ADAS Section: 502.6 and 2009 ANSI A117.1 Section: 502.7.

c. In the front entrance parking lot, the running slope of the access aisle (long dimension) exceeds 2% in violation of 2010 ADAS Section: 502.4, 2009 ANSI A117.1 Section: 502.5 and 1991 ADAS Section: 4.6.3.

d. In the front entrance parking lot, the curb ramp slope exceeds the maximum running slope (Parallel to the direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 406.1, 2009 ANSI A117.1 Section: 406.1 and 1991 ADAS Section: 4.8.2.

e. In the front entrance parking lot, the transition from the curb ramp to the walk, gutter or street is not flush and free of abrupt changes in level in violation of 2010 ADAS Section: 406.2, 2009 ANSI A117.1 Section: 406.2 and 1991 ADAS Section: 4.7.2.

f. In the front entrance parking lot, the curb ramp on the accessible route contains cross slopes greater than 2% in violation of 2010 ADAS Section: 405.3, 2009 ANSI A117.1 Section: 405.3 and 1991 ADAS Section: 4.3.7.

g. At the exterior accessible route, the north side of the front walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2, 2003 ANSI A117.1 Section: 303.2, 303.3 and 1991 ADAS Section: 4.5.2.

COMPLAINT FOR INJUNCTIVE RELIEF - 6

h.  At the exterior accessible route, the back walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2, 2003 ANSI A117.1 Section: 303.2, 303.3 and 1991 ADAS Section: 4.5.2.

i.  At the exterior accessible route, the south side of the front walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2, 2003 ANSI A117.1 Section: 303.2, 303.3 and 1991 ADAS Section: 4.5.2.'

j.  At the exterior accessible route, the accessible route of travel on the south side of the front walk contains cross slopes greater than 2% in violation of 2010 ADAS Section: 403.3, 2009 ANSI A117.1 Section: 403.3 and 1991 ADAS Section: 4.3.7.

k.  At the North Hall exit, the walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2, 2003 ANSI A117.1 Section: 303.2, 303.3 and 1991 ADAS Section: 4.5.2

l.  At the North Hall exit, the landing at the entrance door exceeds 2% slope in violation of 2010 ADAS Section: 404.2.4.4, 2009 ANSI A117.1 Section: 404.2.3.1 and 1991 ADAS Section: 4.13.6.

m.  At the North Hall exit, the threshold has a vertical change greater than 1/4 inch high in violation of 2010 ADAS Section: 404.2.5, 2009 ANSI A117.1 Section: 404.2.4 and 1991 ADAS Section: 4.13.8.

n.  At the East (back) Entry, the parking signs at the back entrance are mounted too low. 2010 ADAS Section: 502.6 and 2009 ANSI A117.1 Section: 502.7.

o.  At the East (back) Entry, the running slope of the access aisle (long dimension) exceeds 2% in violation of 2010 ADAS Section: 502.4, 2009 ANSI A117.1 Section: 502.5 and 1991 ADAS Section: 4.6.3.

p.  At the East (back) Entry, the landing at the entrance door exceeds 2% slope in violation of 2010 ADAS Section: 404.2.4.4, 2009 ANSI A117.1 Section: 404.2.3.1 and 1991 ADAS Section: 4.13.6

q.  At the East (back) Entry, the threshold has a vertical change greater than 1/4 inch high in violation of 2010 ADAS Section: 404.2.5, 2009 ANSI A117.1 Section: 404.2.4 and 1991 ADAS Section: 4.13.8.

r.  At the East (back) Entry, the walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2, 2003 ANSI A117.1 Section: 303.2, 303.3 and 1991 ADAS Section: 4.5.2.

s.  At the South Hall Exit, the doormat is not secured in place at the entry door in violation of 2010 ADAS Section: 302.2, 2009 ANSI A117.1 Section: 302.2 and 1991 ADAS Section: 4.5.3.

t.  At the South Hall Exit, the landing on the pull side of the doors does not extend far enough on the latch side in violation of 2010 ADAS Section: 404.2.4.1, 2009 ANSI A117.1 Section: 404.2.3.2 and 1991 ADAS Section: 4.13.6.

u.  At the South Hall Exit, the threshold has a vertical change greater than 1/4 inch high in violation of 2010 ADAS Section: 404.2.5, 2009 ANSI A117.1 Section: 404.2.4 and 1991 ADAS Section: 4.13.8.

v.  At the South Hall Exit, the landing at the entrance door exceeds 2% slope in violation of 2010 ADAS Section: 404.2.4.4, 2009 ANSI A117.1 Section: 404.2.3.1 and 1991 ADAS Section: 4.13.6.

w.  At the passenger loading zone, the required access aisle is missing in violation of 2010 ADAS Section: 503.3.

x.  At the passenger loading zone, the access aisle is not marked as to discourage parking in it in violation of 2010 ADAS Section: 503.3.3.

y.  At the passenger loading zone, the access aisle surface is not firm, stable, and slip-resistant in violation of 2010 ADAS Section: 503.4, 302.1.

z.  At the passenger loading zone, the access aisle sidewalk is not at the same level as the vehicle pull-up space in violation of 2010 ADAS Section: 503.4.

aa.  At the passenger loading zone, the running slope (long dimension) and the cross slope (narrow dimension) of the access aisle serving the pull-up space exceed 2% in violation of 2010 ADAS Section: 503.4, 503.4 Exception.

bb.  At the passenger loading zone, the cross slope (narrow dimension) of the vehicle pull-up space exceeds 2% in violation of 2010 ADAS Section: 503.4, 503.4 Exception.

cc.  In the lobby/front desk area,  the landing at the sliding door exceeds 2% slope in violation of 2010 ADAS Section: 404.2.4.4.

dd.  In the lobby/front desk area, the sales and service counter is not a minimum 36 inches wide in violation of 2010 ADAS Section: 904.4 and 2009 ANSI A117.1 Section: 904.3.1.

ee.  In the lobby/front desk area, the brochures are not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 2009 ANSI A117.1 Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

ff.  In the lobby/front desk area, the coffee, condiments, and cups are not accessible because they are located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

gg.  In the lobby/front desk area the coffee, condiments, and cups are too high and out of the maximum reach range for a side approach in violation of  2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

hh.  In the breakfast area, the breakfast items, dining ware, condiments and utensils are not accessible because they are located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

COMPLAINT FOR INJUNCTIVE RELIEF - 8

ii. In the breakfast area, the breakfast items, dining ware, condiments, and utensils are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

jj. At the pool, the pool rescue hook is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 2009 ANSI A117.1 Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

kk. At the pool, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1, 2003 ANSI A117.1 Section: 306.2.1 and 1991 ADAS Section 4.32.3.

ll. At the pool, at the time of the evaluation, the lift had a protective cover on it and was not accessible without assistance in violation of 2010 ADAS Section: 242.2.

mm. At the pool, the first aid kit is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 2009 ANSI A117.1 Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

nn. At the pool, the outdoor shower is noncompliant in violation of 2010 ADAS Section: 608.6 and 2009 ANSI A117.1 Section: 608.5.

oo. At the pool area, the restroom door operating hardware is not accessible in violation of 2010 ADAS Section: 404.2.7, 2003 ANSI A117.1 Section: 404.2.6 and 1991 ADAS Section: 4.13.9.

pp. At the pool area, the door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section: 404.2.9, 2003 ANSI A117.1 Section: 309.4 and 1991 ADAS Section: 4.13.11(1).

qq. At the pool area, the operating hardware is not accessible because it requires tight grasping, pinching or twisting of the wrist to operate in violation of 2010 ADAS Section: 309.4, 2009 ANSI A117.1 Section: 309.4 and 1991 ADAS Section: 4.13.9.

rr. At the pool area, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5, 2009 ANSI A117.1 Section: 606.6 and 1991 ADAS Section: 4.19.4.

ss. At the pool area, compliant knee space has not been provided under the lavatory in violation of 2010 ADAS Section: 306.3.1 and 2009 ANSI A117.1 Section: 306.3.1.

tt. At the pool area, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.

uu. At the pool area, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 2010 ADAS Section: 604.5.2, 2009 ANSI A117.1 Section: 604.5.2 and 1991 ADAS Section: 4.17.6.

vv. At the pool area, the toilet is not located within the range allowed from the sidewall or partition in violation of 2010 ADAS Section: 604.2 and 2009 ANSI A117.1 Section: 604.2.

ww.  At the pool area, the side grab bar is too high in violation of 2010 ADAS Section: 609.4, 2009 ANSI A117.1 Section: 609.4.1 and 1991 ADAS Section: 4.17.6.

xx.  At the pool area, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1, 2009 ANSI A117.1 Section: 308.2.1 and 1991 ADAS Section: 4.2.5.

yy.  At the fitness center, the door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section: 404.2.9, 2003 ANSI A117.1 Section: 309.4 and 1991 ADAS Section: 4.13.11(1).

zz.  At the fitness center, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1, 2009 ANSI A117.1 Section: 308.2.1 and 1991 ADAS Section: 4.2.5.

aaa. At the fitness center, the cups are not accessible because they are located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

bbb.  At the fitness center, the cups are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

ccc. At the fitness center, the scale is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3, 2009 ANSI A117.1 Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

ddd.  In the business center, the door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section: 404.2.9, 2003 ANSI A117.1 Section: 309.4 and 1991 ADAS Section: 4.13.11(1).

eee. In the business center, the desk, printer and computer are not accessible because there is not an accessible route adjacent to the clear floor space in violation of 2010 ADAS Section: 305.6, 2009 ANSI A117.1 Section: 305.6 and 1991 ADAS Section: 4.2.4.2.

fff.  In the business center, the maneuvering clearance at the door is obstructed in violation of 2010 ADAS Section: 404.2.4.1, 2009 ANSI A117.1 Section: 404.2.3.1 and 1991 ADAS Section: 4.13.6.

ggg.  In the men's public restroom, the door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section: 404.2.9, 2003 ANSI A117.1 Section: 309.4 and 1991 ADAS Section: 4.13.11(1).

hhh.  In the men's public restroom, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3 and 2009 ANSI A117.1 Section: 1002.11.2.2.

iii.  In the men's public restroom, the baby changing table operating mechanism is outside reaching range in violation 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

COMPLAINT FOR INJUNCTIVE RELIEF - 10

jjj. In the men's public restroom, the compartment door is not self closing in violation of 2010 ADAS Section: 604.8.1.2 and 2009 ANSI A117.1 Section: 604.9.3.

kkk. In the men's public restroom, the water closet compartment door is missing a loop handle on the outside in violation of 2010 ADAS Section: 604.8.1.2, 2009 ANSI A117.1 Section: 604.9.3 and 1991 ADAS Section: 4.17.5.

lll. In the men's public restroom, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section: 604.6 and 2009 ANSI A117.1 Section: 604.6.

mmm. In the men's public restroom, the side grab bar is too high in violation of 2010 ADAS Section: 609.4, 2009 ANSI A117.1 Section: 609.4.1 and 1991 ADAS Section: 4.17.6.

nnn. In the men's public restroom, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 2010 ADAS Section: 604.5.2, 2009 ANSI A117.1 Section: 604.5.2 and 1991 ADAS Section: 4.17.6.

ooo. In guest room 124, the door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section: 404.2.9, 2003 ANSI A117.1 Section: 309.4 and 1991 ADAS Section: 4.13.11(1).

ppp. In guest room 124, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1, 2003 ANSI A117.1 Section: 306.2.1 and 1991 ADAS Section: 4.32.3.

qqq. In guest room 124, the drape wands are too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

rrr. In guest room 124, the drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section: 309.4 1991 ADAS Section: 4.27.4.

sss. In guest room 124, the lamp is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

ttt. In guest room 124, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section: 4.19.4.

uuu. In guest room 124, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3.

vvv. In guest room 124, the handheld sprayer unit is mounted too high in violation of 2010 ADAS Section: 608.6 and 1991 ADAS Section: 4.21.6.

www. In guest room 124, the handheld sprayer unit is not equipped with a non-positive on/off control in violation of 2010 ADAS Section: 608.6.

COMPLAINT FOR INJUNCTIVE RELIEF - 11

xxx.        In guest room 124, the operable parts of controls are not located correctly in violation of 2010 ADAS Section: 608.5.2.

yyy.        In guest room 124, the shower seat height is noncompliant in violation of 2010 ADAS Section: 610.3 and 1991 ADAS Section: 4.21.3.

zzz. In guest room 124, the grab bar is not positioned correctly in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.21.4.

aaaa.        In guest room 124, the rear grab bar is too high in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.17.

bbbb.        In guest room 124, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section: 604.2.

cccc.        In guest room 124, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 2010 ADAS Section: 604.5.2 and 1991 ADAS Section: 4.17.6.

dddd.        In guest room 124, the side grab bar is too high in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.17.6

eeee.        In guest room 124, the shelf is mounted too close to the top of the grab bar, minimizing the gripping surface in violation of 2010 ADAS Section: 609.3.

ffff. In guest room 124, the shelf or storage facility is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.2.1, 308.3.1.

gggg.        In guest room 124, accessible guest rooms are not dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section: 224.5 and 1991 ADAS Section: 9.1.4.

hhhh.        In other guest rooms, there are not enough accessible rooms designed with mobility features in violation of 2010 ADAS Section: 224.2 and 1991 ADAS Section: 9.1.2

iiii. In other guest rooms, there are not enough rooms designed for hearing impaired in violation of 2010 ADAS Section: 224.4 and 1991 ADAS Section: 9.1.3.

jjjj. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

17. The discriminatory violations described in ¶ 16 are not an exclusive list of the Defendant's violations. MORTLAND requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq*.

COMPLAINT FOR INJUNCTIVE RELIEF - 12

18. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Ohio law, either then, now or in the future.

19. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to MORTLAND and other persons with disabilities, MORTLAND suffered damages as alleged herein.

20. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

21. MORTLAND is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendant. Defendant maintains a public establishment without access for persons with physical disabilities as stated herein, and continues as of the date of filing this complaint to deny equal access to MORTLAND and other persons with physical disabilities in these and other ways.

22. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND

COMPLAINT FOR INJUNCTIVE RELIEF - 13

"ADA"), 42. U.S.C. §§ 12181 *et seq*, and Ohio law.

23. MORTLAND, as described herein below, seeks injunctive relief to require HAMPTON INN STOW to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases HAMPTON INN STOW as a public facility.

24. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

25. Because of Defendant's violations, MORTLAND and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. MORTLAND seeks an order from this court compelling Defendant to make HAMPTON INN STOW accessible to persons with disabilities.

26. On information and belief, Defendant has intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements. The acts and omissions of Defendant in failing to provide the required accessible public facilities at the time of MORTLAND's visit and injuries, indicate actual and implied malice towards MORTLAND, and despicable conduct carried out by Defendant with a willful and conscious disregard for the rights and safety of MORTLAND and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendant to other operators of other establishment and other public facilities, and to punish Defendant and to carry out the purposes of § 2315.21.

COMPLAINT FOR INJUNCTIVE RELIEF - 14

27. MORTLAND is informed and believes and therefore alleges that Defendant caused the subject facility to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building of Defendant and were denied full and equal use of said public facilities. Further, on information and belief, Defendant has continued to maintain and operate said facilities in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as MORTLAND and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and Ohio law.

28. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting HAMPTON INN STOW was in violation of the civil rights of persons with physical disabilities, such as MORTLAND, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by this Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of MORTLAND and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot

be ascertained except through discovery. Despite being informed of such effect on MORTLAND and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for MORTLAND and other persons with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights MORTLAND and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant has further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the Defendant. Said conduct, with knowledge of the effect it was and is having on MORTLAND and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of MORTLAND and of other similarly situated persons, justifying the imposition of punitive damages.

29. Punitive Damages -- Defendant, at times prior to and including April 4, 2019 through April 5, 2019 and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendant failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by MORTLAND and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 28 of this complaint. Defendant has failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendant has carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and has refused to comply with its legal obligations to make HAMPTON INN STOW accessible pursuant to the Americans with

COMPLAINT FOR INJUNCTIVE RELIEF - 16

Disabilities Act. Such actions and continuing course of conduct by Defendant evidence despicable conduct in conscious disregard for the rights or safety of MORTLAND and of other similarly situated persons, justifying an award of punitive damages.

30. Defendant's actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as MORTLAND and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Further, Defendant's refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of MORTLAND and other members of the public with physical disabilities.

31. MORTLAND prays for an award of punitive damages against Defendant in an amount sufficient to make a more profound example of Defendant and discourage owners and operators of other establishments, and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiff does not know the financial worth of Defendant and seeks leave to amend this complaint when such facts are known.

32. MORTLAND will return to HAMPTON INN STOW, because he enjoys the hotel's amenities and the location is convenient for business that he is conducting in Summit County, Ohio, if HAMPTON INN STOW is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services. Furthermore, MORTLAND intends to return to HAMPTON INN STOW as an ADA tester to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

**I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

33.    MORTLAND pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 32 of this complaint.

34.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

35.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

36.    As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

COMPLAINT FOR INJUNCTIVE RELIEF - 18

(7) PUBLIC ACCOMMODATION - The following private
entities are considered public accommodations for purposes of this
title, if the operations of such entities affect commerce -
. . .
(B) an entertainment facility, bar, or other establishment serving food or drink;

42 .S.C. §12181(7)(B).

37.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

38.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(i) the imposition or application of eligibility criteria
that screen out or tend to screen out an individual with a disability
or any class of individuals with disabilities from fully and equally
enjoying any goods, services, facilities, privileges, advantages, or
accommodations, unless such criteria can be shown to be
necessary for the provision of the goods, services, facilities,
privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are
necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,
unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,
facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would
result in an undue burden;

(iv) a failure to remove architectural barriers, and

COMPLAINT FOR INJUNCTIVE RELIEF - 19

communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

The acts of Defendant set forth herein were a violation of MORTLAND's rights under the ADA,

42. U.S.C. §§ 12181 *et seq.*

39.     The removal of the barriers complained of by MORTLAND as hereinabove

alleged was at all times after January 26, 1992 "readily achievable" as to the subject HAMPTON

INN STOW pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the

removal of all the barriers complained of herein together was not "readily achievable," the

removal of each individual barrier complained of herein was "readily achievable." On

information and belief, Defendant's failure to remove said barriers was likewise due to

discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii);

42 U.S.C. §12182 (b)(2)(A)(i).

40.     Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

accomplishable and able to be carried out without much difficulty or expense." The statute

defines relative "expense" in part in relation to the total financial resources of the entities

involved. MORTLAND alleges that properly repairing, modifying, or altering each of the items

that plaintiff complains of herein were and are "readily achievable" by the Defendant under the

standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not

"readily achievable" for Defendant to remove each of such barriers, Defendant have failed to

make the required services available through alternative methods which were readily achievable.

41.     On information and belief, construction work on, and modifications of, the

COMPLAINT FOR INJUNCTIVE RELIEF - 20

subject building of HAMPTON INN STOW occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

42.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, MORTLAND is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. MORTLAND cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

43.     Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, MORTLAND has not returned to Defendant's premises since on or about April 4, 2019 through April 5, 2019, but on information and belief, alleges that Defendant have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

44.     MORTLAND seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order

granting injunctive relief and attorneys' fees. MORTLAND will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, Plaintiff DEREK MORTLAND prays for relief and damages as hereinafter stated.

## II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, et seq.

45.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46.     At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

It shall be an unlawful discriminatory practice:

(G)     For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

47.     HAMPTON INN STOW is a "place of public accommodation" pursuant to Ohio Revised Code § 4112.01(A)(9).

48.     Defendant committed an unlawful act pursuant to Ohio Revised Code §4112.02(G) by denying MORTLAND the full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, MORTLAND had great difficulty due to extensive barriers for patrons confined to wheelchairs.

49.     Pursuant to Ohio Revised Code § 4112.99, MORTLAND is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined

COMPLAINT FOR INJUNCTIVE RELIEF - 22

at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

50.     A separate act in violation of Ohio Revised Code § 4112.02(G) has been committed each day that Defendant acts or fail to act and/or knowingly and willfully fails and refuses to remove each architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of HAMPTON INN STOW. MORTLAND has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, MORTLAND is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

51.     On or about April 4 through April 5, 2019, MORTLAND suffered violations of Ohio Revised Code § 4112.02(G) in that MORTLAND was denied access to the facilities as stated herein at HAMPTON INN STOW and on the basis that MORTLAND was a person with physical disabilities.

52.     As a result of the denial of equal access to Defendant's facility due to the acts and omissions of Defendant in owning, operating and maintaining the subject public facility, MORTLAND suffered violations of his civil rights, as well as suffering from shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

53.     MORTLAND has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Ohio Revised Code § 4112 for violation of his rights as a person,

including statutory damages according to proof.

54.     As a result of Defendant's acts and omissions in this regard, MORTLAND has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, MORTLAND therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**III. THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, et seq.**

55.     MORTLAND repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 54 of this complaint.

56.     Ohio Administrative Code (hereinafter "O.A.C.") § 4101:1-11 controls the design and construction of facilities for accessibility for individuals with disabilities.

57.     Sites, buildings, structures, facilities, elements and spaces, temporary or permanent, shall be accessible to individuals with disabilities. O.A.C. § 1103.1.

58.     HAMPTON INN STOW, being a site, building, structure, facility, element or space, committed an unlawful act pursuant to O.A.C. § 1103.1 by failing to provide an accessible hotel to an individual with disabilities due to the barriers to access as described in paragraph 16.

59.     Defendant's violations denied MORTLAND full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, MORTLAND had great difficulty utilizing the property due to extensive barriers for patrons confined to wheelchairs.

60.     As a result of these violations, MORTLAND is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any

COMPLAINT FOR INJUNCTIVE RELIEF - 24

event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

61.    A separate act in violation of Ohio Administrative Code § 4101:1-11, et seq. has been committed each day that Defendant act or fail to act and/or knowingly and willfully fail and refuse to make accessible its site for physically disabled persons presently existing at the subject HAMPTON INN STOW. MORTLAND has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, MORTLAND is entitled to seek appropriate relief, such as damages.

62.    As a result of Defendant's accessibility violations, MORTLAND suffered violations of his civil rights, as well as suffering from injury, shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

63.    MORTLAND has been damaged by Defendant's wrongful conduct and seeks relief for violation of the O.A.C., including actual and special damages, according to proof.

64.    As a result of Defendant's acts and omissions in this regard, MORTLAND has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. MORTLAND therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

IV.    O.R.C. 4112.16 NOTICE OF VIOLATION OF ACCESSIBILITY LAW

65.     Pursuant to O.R.C. 4112.16 Notice of Violation of Accessibility Law, prior to filing a civil action alleging violation of a State of Ohio accessibility law, the alleged aggrieved party may notify the owner, agent, or other responsible party, by personal service or by certified mail, of alleged accessibility law violations.

66.     On May 6, 2019, MORTLAND served upon Defendants' statutory agent a Notice of Violation of Accessibility Law pursuant to O.R.C. 4112.16. **See Exhibit 1, May 6, 2019 Notice of Violation of Accessibility Law.**

67.     Defendant failed to respond in accordance with the statute. **See Exhibit 2, May 24, 2019 R.C. 4112.16 Response. See Exhibit 3, R.C. 4112.16(D)(1) Response.** Plaintiff subsequently mailed Defendant a letter indicating his intent to file an accessibility lawsuit. **See Exhibit 4, August 12, 2019 Letter.**

68.     Due to Defendant's failure to respond in accordance with the statute, Plaintiff may commence his lawsuit for violations of State of Ohio accessibility laws.

69.     Due to Defendant's failure to respond, in accordance with the statute, Plaintiff, if deemed the prevailing party, shall recover reasonable attorney's fees, in addition to any other remedies available to the plaintiff.

70.     Due to Defendant's failure to respond, in accordance with the statute, Defendant's inadequate responses to Plaintiff's Notice are considered an admission of guilt and are admissible as evidence in this action.

Wherefore, MORTLAND prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, MORTLAND prays that this court grant relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

**DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.      For injunctive relief, compelling Defendant to make HAMPTON INN STOW readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if MORTLAND is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

**II.      PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, et seq.**

4.      For injunctive relief, compelling Defendant to make HAMPTON INN STOW, readily accessible to and usable by individuals with disabilities, per state law.

5.      General and compensatory damages according to proof;

6.      All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied MORTLAND and other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if MORTLAND is deemed the prevailing party;

8.      Punitive damages, pursuant to Ohio Revised Code § 2315.21;

9.      For all costs of suit;

10.     Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

11.     Such other and further relief as the court may deem just and proper.

**III.     PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, et seq.**

12.     For injunctive relief, compelling Defendant to make HAMPTON INN STOW readily accessible to and usable by individuals with disabilities, per state law.

13.     General and compensatory damages according to proof;

14.     All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied MORTLAND and other persons with disabilities full and equal access.

15.     Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if MORTLAND is deemed the prevailing party;

16.     Punitive damages, pursuant to Ohio Revised Code § 2315.21;

17.     For all costs of suit;

18.     Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

19.     Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
blaise@bmblaw.com
foliverio@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND